**C. A. PAGE PUBLISHING CO., Inc., a corporation, Appellant,**

v.

**Telford WORK et al., Appellees.**

**No. 16786.**

United States Court of Appeals Ninth Circuit.

March 8, 1961.

Rehearing Denied May 3, 1961.

 

Dudley K. Wright, Santa Ana, Cal., for appellants.

Rollin L. McNitt and Edythe Jacobs, Los Angeles, Cal., for appellees.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

This is a companion appeal to Page v. Work, 290 F.2d 323, which was this day decided. As in the Marietta Page case, appellant appeals from a judgment dismissing for want of federal jurisdiction a civil anti-trust suit for treble damages. Jurisdiction of the district court was invoked under the provisions of Title 15 U.S.C.A. §§ 1, 2, 4, 7, 13, 15 and 18, commonly known as the Sherman Antitrust Act and the Clayton Act. This Court has jurisdiction under the provisions of Title 28 U.S.C.A. §§ 1291 and 1294.

As in the companion case, judgment of dismissal was entered following the granting by the district court of appellees' motion for summary judgment based on the ground that there existed no genuine issue on a material fact relating to the question of jurisdiction. Proceedings leading up to the entry of the judgment are similar to those set forth in the companion case, and judgment was entered following extensive pretrial discovery proceedings and conferences, culminating in a pretrial conference order containing 21 pages of admitted facts. The opinion of the district judge, reported at D.C., 178 F.Supp. 184, disposed of both cases. As in the companion case, the parties in effect consented to a separate trial on the issue of jurisdiction. We agree with the statement of the district judge that both cases raise the identical jurisdictional issues. The background and historical material are set forth in the companion case, and will not be repeated here. The condemned activities of the appellees are the same as in the companion case, except that in the instant case there is no charge of territorial division of the mar-

ket among the members of the Bureau and the exclusion therefrom of non-members.

Appellant is the publisher of Commercial News, a general business newspaper serving the Los Angeles area, which was not primarily engaged in legal advertising. Appellant charges that the activities of the appellee newspapers enabled one of the appellee newspapers to obtain the contract from the County of Los Angeles to publish the Los Angeles County delinquent tax list on bids of $52,000 in 1951 and $76,000 in 1954, as against appellant's bids of $109,000 in 1951 and $121,000 in 1954. The delinquent tax list is only one of several types of public legal advertising contracts which is let by Los Angeles County. Appellant estimates that the cost of publishing the lists, had it been the successful bidder, would not have exceeded $24,000 for either list. Appellant claims treble the amount of estimated loss of profits on the publication of this list for the two years specified.

Publication of the Los Angeles County delinquent tax is required by California law annually, and the manner of publication is set out in detail. The publication of this 300-page document, the largest single item of public legal advertising purchased by Los Angeles County, produced unique mechanical and financial problems. When Commercial News, owned by appellant, did succeed in bidding successfully for the Los Angeles County tax list in 1942 and 1943, the composition work had to be assigned to the Los Angeles Daily Journal (hereinafter called the "Journal"), which was at that time owned by Consolidated Printing and Publishing Company, upon whose behalf the companion case was brought. During the years 1945 to 1950, appellees, acting through the Bureau, were successful bidders, but they also had to depend on the facilities of the Journal for a part of the operation. Consolidated, which still owned the Journal in these years, received a proportionate share of the profits from the publication of the list for the use of Journal facilities.

In 1951 the assets of the Journal were sold to Mutual Newspaper Publishing Company, (hereinafter referred to as "Mutual"), which is a subsidiary of the Bureau and which is owned substantially by appellee newspaper publishers. Thus, in 1952 (1951 list) and 1955 (1954 list), when a member of the Bureau underbid Commercial News for the Los Angeles County delinquent tax list, the low bidding member still had to use the facilities of the Journal which facilities by then were owned by Mutual.

From the above facts it appears that whoever the low bidder for the delinquent tax list might be, such low bidder required the facilities of the Journal in order to print the list. Thus, it is claimed by appellant herein that the alleged forced sale of the Journal assets to Mutual, which was the subject matter of the companion case, has rendered it impossible for appellant to bid competitively for the publication of the list, although it is not specifically alleged that appellees would have refused to allow appellant to use the facilities of the Journal had it been the low bidder.

The Bureau itself never bid for the publication of the Los Angeles County tax list, nor did it publish any public or private legal advertising. No claim is made and the record discloses no irregularities in the manner in which the Los Angeles County officials conducted competitive bidding for the 1951 and 1954 lists and awarded contracts to the lowest bidders. Appellant submitted bids for the tax lists of the years in question, but it was underbid by members of the Bureau.

■ Appellant's contention is that it was indirectly injured by the same allegedly illegal and monopolistic activities which caused the direct injuries to Consolidated discussed in detail in the companion case. We note the same product, legal advertising, is here involved in the same market area, Los Angeles County, and the same activities by appellees have led to the injuries claimed, as in the companion case. The Los Angeles County

delinquent tax list never enters the flow of interstate commerce, just as no other single item of public or private legal advertising published in Los Angeles County ever enters the flow of interstate commerce. We do not see that the effect on Commercial News of its unsuccessful bid for the Los Angeles County delinquent tax list reaches any further toward the interstate activities of newsprint purchase, commercial and display advertising, news dissemination, and out-of-state circulation than did the effect of the alleged injuries to Consolidated, discussed in detail in the companion opinion. If anything, competition in these interstate markets is less substantially affected, if affected at all. We feel that our opinion in the companion case adequately covers the fact situation raised in this appeal.

Appellant here makes one point not raised in the companion case. Appellant claims that the conspiracy alleged included a restraint on the dissemination of national news through the City News Service, a news gathering agency at one time operated by appellee Telford Work individually, which suspended operations on November 11, 1944. Whatever may have been the consequences of this action to interstate commerce in news dissemination, Commercial News has charged injury only as a result of loss of public legal advertising. We see no relation between the operation of City News Service and the competition between appellees and Commercial News for public legal advertising, and thus the interstate character of City News Service is entirely irrelevant to jurisdictional issues here presented.

For the reasons given in the companion case, Page v. Work, supra, the judgment of the district court in this case is likewise affirmed.

On Petition for Rehearing.

PER CURIAM.

An opinion was filed herein on March 8, 1961, affirming the judgment of the district court dismissing for want of federal jurisdiction a civil antitrust action.

Appellant has filed herein a petition for rehearing. We have this day denied the petition for rehearing of appellant in the companion appeal of Page v. Work et al., 9 Cir., 290 F.2d 323. For the reasons given in the companion case, the petition of appellant for rehearing in this case is likewise denied.