**MONUMENT BOWL, INC., a California corporation, Plaintiff,**

v.

**NORTHERN CALIFORNIA BOWLING PROPRIETORS' ASSOCIATION, a corporation, et al., Defendants.**

**Nos. 39944, 39818.**

United States District Court
N. D. California, S. D.
Sept. 6, 1961.

Joseph L. Alioto, San Francisco, Cal., Thomas L. Bocci, So. San Francisco, Cal., G. Joseph Bertain, Jr., San Francisco, Cal., for plaintiff.

Harold C. Faulkner, of Faulkner, Sheehan & Wiseman, San Francisco, Cal., for defendants East Bay Bowling Proprietors' Assn., Albany Recreation, Inc., Berkeley Bowl, Tagss, Inc., Hayward Amusement Properties, Midway Bowl, Inc., Rosarie A. Duval, dba College Bowl, Raleigh W. Moore, dba Piedmont Avenue Lanes, Kenneth Prentice, dba Uptown Bowl.

Richard H. Wels, Gen. Counsel, New York City, Irving S. Rosenblatt, Jr., and Robert K. Barber, San Francisco, Cal., for defendant Bowling Proprietors Assn. of America.

J. Joseph Sullivan, San Francisco, Cal., for defendants John H. Swanson d. b. a. Mission Bowl and Westlake Bowl.

Doyle & Clecak, by Wm. P. Clecak, San Francisco, Cal., for defendants Northern California Bowling Proprietors Assn., The Santa Clara Valley Bowling Proprietors' Assn., San Francisco Bowling Proprietors' Assn., The Peninsula Bowling Proprietors' Assn.

Gavin, McNab, Schmulowitz, Sommer & Wyman, San Francisco, Cal., for defendant Cherry Chase Amusement Co.

Philip S. Ehrlich and Irving Rovens, San Francisco, Cal., for defendants Bowling Enterprises, Inc., Sports Center Corp., Kent-Ray, Inc., Bowlarium, Inc., Brentwood Bowl, Cambrian Bowl, Inc., Cibelog, Inc., Bridgeman Enterprises, Inc., Modesto Bowl, Inc., Stevens Creek Bowl, Inc., Indian Bowl, Inc., Frank Debarbrie and Carl Debarbrie d. b. a. San Carlos Bowl, Downtown Bowl, Inc., Phillip Sunseri and Salvatore Lima, d. b. a. Santa Clara Bowl, Vedro Corp., McHenry Bowl, Inc.

HARRIS, District Judge.

Plaintiff, proprietor of Bayshore Bowl, a bowling enterprise in South San Francisco, has filed an action against owners and proprietors of similar establishments in Northern California Bay Area, five trade associations in the bowling industry and a national trade association, charging them with a violation of section one of the Sherman Act, 15 U.S.C.A. § 1.

A summary of the complaint discloses that plaintiff is aggrieved at his alleged loss of patronage to defendants who have attracted bowlers to their lanes by means of tournaments conducted by defendant associations and limited to bowlers who patronize defendant establishments. Plaintiff charges that defendants establish minimum prices for use of their facilities and that they have boycotted his business (since his patrons are ineligible to compete in tournaments conducted by members of defendant associations).

With respect to interstate commerce, the complaint asserts that some of the bowling equipment comes from out of state and that such flow will be diminished by reason of plaintiff's loss of business because of his reduction in number of customers.

When an analysis of the complaint is completed, it discloses that the charging parts center around and pertain exclusively to intrastate commerce. Plaintiff's business caters to the public in the use of purely local bowling, restaurant and bar facilities. Competitors are also local and engaged in intrastate commerce. Their means of attracting customers through tournaments do not give rise to anti-trust violations. Plaintiff does not charge that he is excluded from membership in the associations (which operated under his presidency at one time), nor does he contend that participation in bowling constitutes a professional activity.

The charge of price fixing among the named defendants pertains to an intrastate matter covering operators in a

limited, local area while the assertion of boycott refers simply to the fact that plaintiff's customers are not eligible to compete in defendants' tournaments. Such barrier to participation may be overcome by action on plaintiff's part. He may rejoin defendant associations at any time.

In substance, plaintiff alleges that defendants conduct tournaments for bowlers who limit their patronage to defendants' lanes. Such limitation is without discrimination and does not restrict trade but constitutes an effort to attract more customers. An intrastate association established for such a purpose is authorized by California Business and Professions Code, § 16725. Diversion of customers, as charged in the complaint, does not in itself give rise to an action under the Sherman Act. When plaintiff charges a conspiracy aimed at him, through his loss of bowlers, he does not allege that defendants' conduct has had a substantial effect on the market of bowling pins, balls, bags and shoes—the articles which are involved in interstate commerce.

Plaintiff's position in brief relies upon cases which deal with the actual flow of commerce. Thus, Las Vegas Merchant Plumbers Ass'n v. United States, 9 Cir., 210 F.2d 732, dealt with a conspiracy among plumbing contractors to obstruct the flow of plumbing and heating supplies in interstate commerce by eliminating competition among plumbing contractors in the sale, distribution and installation of such supplies. Defendants served as a conduit for a regular, continuous and uninterrupted flow of the product which would reach the consumer.

Thus, also, in United States v. Employing Plasterers' Association, 347 U.S. 186, 74 S.Ct. 452, 98 L.Ed. 618, and Mandeville Island Farms v. American Crystal Sugar, 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed. 1328. In the former case, defendants were charged with a conspiracy to restrain trade among the plastering contractors whose materials flowed in interstate commerce in substantial quantities. In Mandeville Farms, refiners engaged in a price fixing monopoly among themselves whereby their product, destined for interstate shipment, was controlled as to its price schedule.

In the case at bar, there is a flow of bowling equipment to establishments in Northern California but such flow stops before the consumer enters the picture. Yet it is the consumer, the bowler and his patronage, with whom we are concerned and whose patronage gives rise to the relevant market. A charge dealing with loss of customers, in the manner set forth above, does not pertain to a violation of Section 1 of the Sherman Act. Rather, at most, it deals with local restraint which affects local commerce.

It is not enough to allege that plaintiff's orders for equipment will decline by reason of defendants' competition which takes away a percentage of bowling customers. Such allegation is too remote from the flow of interstate commerce to bring into application plaintiff's authorities. Rather, the following cases are controlling: Ruddy Brook Clothes v. British & Foreign Marine Insurance, 7 Cir., 195 F.2d 86; Brenner v. Texas Co., D.C., 140 F.Supp. 240 (refusal to sell gasoline to plaintiff, an Alameda operator); Shotkin v. General Electric Co., 10 Cir., 171 F.2d 236 (Denver business, with infinitesimal effect on interstate commerce); Fedderson Motors v. Ward, 10 Cir., 180 F.2d 519; Northern California Monument Deals Ass'n v. Interment Ass'n, D.C., 120 F. Supp. 93; Interborough News Co. v. Curtis Publishing Co., D.C., 127 F.Supp. 286.

Where a dispute is local and its connection with interstate commerce is remote at best, this Court has no jurisdiction under the Sherman Act. This was made clear in the Ninth Circuit in its recent ruling in Page v. Work, et al., 290 F.2d 323, 330, petition for rehearing denied C. A. Page Pub. Co. v. Work, 290 F.2d 334: "The test of jurisdiction is not that the acts complained of affect a business engaged in interstate commerce, but

that the conduct complained of affects the interstate commerce of such business." In the Page case, legal ads in newspapers in the Los Angeles area were involved in a competitive battle between the parties. Although the papers were themselves instruments engaged in part in interstate commerce, the legal ads were local in their audience and application and the injury to plaintiff in its loss of business was deemed to be outside the scope of the Sherman Act.

■ Likewise, the price fixing charge made against defendants in the case at bar does not give rise to conduct which is more than local in nature. As stated in Page, at page 332, "in order for federal anti-trust jurisdiction to be sustained the effect on interstate commerce of an alleged anti-trust violation in a local area must be direct and substantial, and not merely inconsequential, remote and fortuitous." The allegations in the complaint, as summarized above, charge the defendants with uniformity of price in a strictly local market. And as set forth in Page, at page 330, "In the anti-trust field a relevant market may be narrower than the entire business operation of the business under scrutiny." Bowling customers are the relevant market in the case at bar and their patronage is purely local in character.

In response to the authorities which preclude this Court from proceeding on the basis of the present pleadings, plaintiff argues that the complaint need be no more than notice to the defendants and may be supplemented by depositions which may establish a basis for jurisdiction. He contends that it would be improper, in the light of Marks Fine Food Corporation v. Barbara Ann Baking Co., 274 F.2d 934, to grant the motion to dismiss. The Marks case is readily distinguishable from plaintiff's and offers no support to his contentions. The Court ruled in Marks that the jury, which had been demanded, must pass upon subject matter jurisdiction as well as monopoly charges in an action brought against bakers. Separation of the issues was ruled to be incorrect where the factual merits had to be passed upon by the jury. To state the issue is to remove the case from application to the case at bar.

■ Plaintiff, while entitled to rely on notice pleading, must establish the jurisdiction of this Court under Section 1 of the Sherman Act. This he has failed to do. The offense charged occurred in Northern California. There is no competition with a bowling establishment outside the state. There is no charge that the alleged conspiracy will bring about reduction of bowling products in interstate commerce nor that the flow of commerce will be diminished in its totality. When plaintiff cites Radovich v. National Football League, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456, he misconceives his action. There is no parity between the cases. In Radovich, the plaintiff was excluded from participation in professional football, a business clearly involving interstate commerce. If Radovich had sought to force the National League teams to include a new team of his own in their league, there might have been a degree of similarity. But such was not the case and there is no parallel.

To require a federal court to undertake the regimentation and the policing of an intrastate bowling enterprise is to extend the anti-trust legislation to a degree not found in the decided cases. Cf. Tobman v. Cottage Woodcraft Shop, 194 F. Supp. 83. Klor's Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741, cited by plaintiff, does not permit him to proceed in the instant case. Klor's dealt with a group boycotting of products involved in interstate commerce. The conduct of defendants had an appreciable impact upon the stream of commerce itself, to the detriment of plaintiff. Such impact may be minimal or slight in the light of modern pronouncements; nevertheless, there must be impact—which is completely lacking under the allegations in the complaint now before the Court.

■ Plaintiff may not fortify the complaint with depositions which enable him to allege a cause of action which is

entirely lacking as the pleadings now stand. Notice type pleadings must set forth essentials. These are wanting in a complaint which alleges no predicate upon which to rest a treble damage antitrust proceeding under Title 15, Section 1, of the Sherman Act. It is to beg the question to argue that pleadings may be given meaning in the light of facts to be elicited *in futuro*. As previously indicated, notice type pleadings have not dispensed with the necessity of setting forth essential facts which plaintiff intends to establish. Alexander v. Texas Co., D.C., 149 F.Supp. 37; Shotkin v. General Electric, supra; Northern California Monument Deals Ass'n v. Interment Ass'n, supra.

A careful study and review of the complaint discloses that plaintiff, under the doctrine enunciated in Page v. Work, has no standing in this Court.

Accordingly, it is ordered that defendants' motion to dismiss be, and the same hereby is, granted.