**JOHN KALIN FUNERAL HOME, INC.,** d/b/a Lacey Funeral Home, a corporation, Plaintiff,

v.

Hollis **FULTZ** and Minnie Fultz, his wife, Robert J. Selene and Arlene Selene, his wife, and Kenneth N. Eros and Betsy Eros, his wife, d/b/a Selene and Eros Mortuary, and Don McCaughan and Lucille McCaughan, his wife, d/b/a Mills and Mills Funeral Service, Defendants.

**Civ. No. 3680.**

United States District Court,
W. D. Washington, S. D.

April 9, 1970.

**436**

———◆———

George K. Faler, Seattle, Wash., for plaintiff.

Ralph G. Swanson, Pebbles, Swanson & Lindskog, Olympia, Wash., for defendants Fultz.

Vincent Gadbow, Davies, Pearson, Anderson & Gadbow, Tacoma, Wash., Ralph R. Gilby, Olympia, Wash., for defendants Selene and Eros.

William L. Parr, Gerry L. Alexander, Parr, Alexander, Cordes & Sutherland, Olympia, Wash., for defendants McCaughan.

## MEMORANDUM DECISION
and
## ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL

BOLDT, District Judge.

In this action plaintiff Kalin seeks recovery from defendants Fultz, Mills and Selene and Eros (S & E) for treble damages per Section 7 of the Clayton Act for alleged violation of Section 1 of the Sherman Act. Plaintiff alleges defendants have conspired among themselves and with others to monopolize mortuary business, i.e., preparation of the bodies of deceased persons for the purposes of funeral, burial or cremation, within Thurston County in the State of Washington. Plaintiff also alleges defendants have conspired to boycott plaintiff from participation in a rotation system whereby Fultz, Thurston County Coroner, in lieu of a County Morgue, rotates dead bodies that come within his jurisdiction between Mills and S & E for retention until mortician services are provided by the next of kin, or, in default thereof, pursuant to state statute.

Defendants deny jurisdiction in this court to hear and determine plaintiff's claims under the Sherman Act and on that ground have filed motions for summary judgment of dismissal.

■ Summary judgment may not be granted when any party either has not had a full and fair opportunity for complete discovery or where any genuine issue as to a material fact is presented. Therefore, all parties, and particularly plaintiff, have been given every opportunity over a period of many months for discovery and presentation of written and oral argument on the defendants' motions. A final pretrial order has been entered as to jurisdiction and liability issues. Also, counsel have certified that discovery as to facts pertaining to jurisdiction has been fully completed and exhausted by all parties.

The court has fully examined and considered defendants' motions, all contentions of plaintiff and defendants pertaining thereto and all depositions, affidavits, memoranda and authorities cited therein.[1]

---

1. The decisions cited by the parties in their memoranda and principally relied upon are:
   (a) For the plaintiff:
   Klor's, Inc. v. Broadway-Hale Stores, 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959)
   United States v. Women's Sportswear Assn., 336 U.S. 460, 69 S.Ct. 714, 93 L.Ed. 805 (1949)
   United States v. Yellow Cab Co., 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010 (1947)
   Washington State Bowling Prop. Assn. v. Pacific Lanes, Inc., 356 F.2d 371 (9th Cir. 1966), cert. den. 384 U.S. 963, 86 S.Ct. 1590, 16 L.Ed.2d 674 (1966)
   Breier v. Northern California Bowling Proprietor's Assn., 316 F.2d 787 (9th Cir. 1963)
   Northern California Pharmaceutical Assn. v. United States, 306 F.2d 379 (9th Cir. 1962), cert. den. 371 U.S. 862, 83 S.Ct. 119, 9 L.Ed.2d 99 (1962)
   Ellis v. Carter, 291 F.2d 270 (9th Cir. 1961)

■ It is elemental that purely local commercial transactions and activities that do not directly and substantially affect interstate commerce do not establish jurisdiction in federal district courts to hear and determine treble damage claims pursuant to the Clayton Act amendment to the Sherman Act. United States v. Women's Sportswear, supra; United States v. Yellow Cab Co., supra; Page v. Work, supra; Las Vegas Merchant Plumbers Assn., supra.

Plaintiff's allegations of fact, which it contends support federal jurisdiction or, at a minimum, raise issues of fact for determination by jury, are stated under "Plaintiff's Contentions on Disputed Facts," beginning on page 13, of the Pre Trial Order. The allegations are summarized as follows: that plaintiff and defendants perform mortician services upon dead bodies that have come from outside the state or are shipped outside the state after such services are performed; that plaintiff and defendants regularly purchase mortuary supplies, including caskets, embalming fluid, equipment and other items from sources outside the state; that materials used in making caskets in this state come from outside the state; and that morticians in this state regularly and frequently conduct business correspondence by letter, telephone and telegram with persons outside the state.

Defendants contend the alleged activities complained of are wholly intrastate and local in nature and have no direct and substantial effect upon interstate commerce so as to bring them within the purview of the Sherman Act.

In considering all of the principal authorities (citations in footnote 1), two decisions of the Eighth Circuit Court of Appeals are most comparable in facts to the present case: Elizabeth Hospital v. Richardson, supra, and Riggall v. Washington County Medical Society, 249 F.2d 266 (1957), cert. den. 355 U.S. 954, 78 S.Ct. 540, 2 L.Ed.2d 530 (1958) [cited in *Elizabeth*]. Plaintiff contends Washington State Bowling v. Pacific Lanes impairs the holding of *Elizabeth*, although *Shepard's* discloses no decision to that effect. Analysis of the opinion in that case shows it does not directly or indirectly hold the principles of *Elizabeth* inapplicable to the particular facts and circumstances of the present case. *Elizabeth* is not referred to in the *Bowling* opinion.

In *Elizabeth* the Eighth Circuit said:

"We think that the plaintiff's operation of a hospital, to include rendition of hospital services to some persons who came from outside the state, is no more engaging in interstate commerce than was Dr. Riggall in rendering medical services to persons who likewise came from other states. The fact that some of the plaintiff's patients might travel in interstate commerce does not alter the local character of plaintiff's hospital. If the converse were true, every country store that obtains its goods from or serves customers residing outside the state would be selling in interstate com-

Matheson v. Armbrust, 284 F.2d 670 (9th Cir. 1960), cert. den. 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860 (1961)
Las Vegas Merchant Plumbers Assn. v. United States, 210 F.2d 732 (9th Cir. 1954), cert. den. 348 U.S. 817, 75 S. Ct. 29, 99 L.Ed. 645 (1954).
(b) For the defendants:
Page v. Work, 290 F.2d 323 (9th Cir. 1961), cert. den. 368 U.S. 875, 82 S.Ct. 121, 7 L.Ed.2d 76 (1961)
Lieberthal v. North Country Lanes, Inc., 332 F.2d 269 (2nd Cir. 1964)
Hotel Phillips, Inc. v. Journeymen Barbers, Etc., 301 F.2d 443 (9th Cir. 1962)

Elizabeth Hospital, Inc. v. Richardson, 269 F.2d 167 (8th Cir. 1959), cert. den. 361 U.S. 884, 80 S.Ct. 155, 4 L.Ed.2d 120 (1959)
Williams v. Howard Johnson's Restaurant, 268 F.2d 845 (4th Cir. 1959)
Lawson v. Woodmere, 217 F.2d 148 (4th Cir. 1954)
Monument Bowl, Inc., v. Northern Cal. Bowling Prop. Assn., 197 F.Supp. 208 (N.D.Cal., S.D.1961), rev., Breier v. Northern Cal. Bowling Prop. Assn., 316 F.2d 787 (9th Cir. 1963)
Brenner v. Texas Company, 140 F.Supp. 240 (N.D.Cal., S.D.1956)

merce. Uniformly, the Courts have held to the contrary." (269 F.2d at page 170)

In *Riggall* the Court stated:

"As has been observed, plaintiff's complaint in substance is that the practice of his profession would have been more profitable to him had the defendants not deprived him of membership in the Washington County Medical Society. Plaintiff was not prevented from practicing his profession and the complaint, we think, is wholly lacking in allegations essential to a cause of action under the Sherman Anti-Trust Act." (249 F.2d at page 270)

Both *Elizabeth* and *Riggall* were decisions affirming dismissals by the District Court upon jurisdictional grounds.

■ In the State of Washington a county coroner has jurisdiction over dead bodies in his county only in certain situations specified by state statute.[2] Another recently enacted state statute provides that when a person dies without having made prior arrangements for his funeral and mortician services and no one is willing to make such arrangements, the county coroner is to assign the dead body on an equal rotational basis to funeral homes and mortuaries in the county where the body is found.[3] The jurisdiction of Coroner Fultz over dead bodies is limited to Thurston County. The alleged conspiracy as to the statutory rotational system occurred in and necessarily was operative only in Thurston County. Thus, the alleged conspiracy to monopolize and boycott is directed solely at local activities within Thurston County, i.e., the rotation system and mortuary businesses conducted in Thurston County. No broader objectives of conspiracy are alleged, e.g., price fixing, rigged bidding, etc. Spears Free Clinic and Hospital for Poor Children v. Cleere, 197 F.2d 125 (10th Cir. 1952) . Clearly, the activities complained of are purely local and are not so related to interstate commerce as to be a part thereof within the Sherman Act.

■ The decision to ship dead bodies to or out of the state of Washington is vested in next of kin or in military authorities in certain instances. Kalin cannot make that decision, is not in the business of shipping dead bodies and, as to dead bodies shipped to or from this state, its only functions are incident to the preparation of dead bodies for funeral, burial or cremation purposes and are wholly performed in Thurston County. Kalin exercises no discretion as to matters pertaining to the shipment of bodies, excepting only to deliver bodies for shipment at the direction of those having control of the bodies. Kalin itself never crosses state lines in delivering bodies for shipment. United States v. Yellow Cab, supra. To this court it is inconceivable that functions limited to those Kalin has performed in the shipment of dead bodies can or should be held "trade or commerce" within the policy and meaning of the Sherman Act.

■ Plaintiff contends the purchase of mortuary supplies from outside this state and business communications to and from other states are sufficient to establish jurisdictional requirements under the Sherman Act. At most, the purchase of supplies by interstate shipment and the sending and receiving of interstate communications might be factors which, together with other factors, might support jurisdiction. Washington State Bowling v. Pacific Lanes, supra. However, in the present case all supplies were delivered to and came to rest in plaintiff's establishment and were never resold as supplies, in original packages or otherwise. Lawson v. Woodmere, supra and Nothern California Pharmaceutical Assn. v. United States, supra. No authority has been cited or found directly or indirectly sustaining Sherman Act jurisdiction based merely upon interstate communications conducted in the

2. R.C.W. 68.08.010

3. R.C.W. 36.24.—

regular course of an otherwise purely local business.

For the reasons stated and on all facts shown of record it is clear this court does not have jurisdiction of the controversy alleged in this action. Accordingly, it is ordered that defendants' motions for summary judgment of dismissal should be and hereby are granted. Findings of Fact, Conclusions of Law and Judgment conforming to this order may be presented for entry at the early convenience of counsel.

