STEVE PERICIN, PLAINTIFF-APPELLANT, v. DENBURG'S MODERN BAKERY, DEFENDANT-APPELLEE.

Argued May 21, 1943—Decided September 16, 1943.

For the plaintiff-appellant, *William Wackenhuth*.

For the defendant-appellee, *Harkavy & Lieb*.

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment for the defendant entered in the Supreme Court upon an order striking out the plaintiff's amended complaint on the grounds that it was insufficient in law and failed to set forth a legal cause of action and also that it was sham.

The suit was to recover payment for overtime services alleged to have been performed by plaintiff for defendant.

Inasmuch as the question involved in this appeal is the propriety of the order of the trial court in striking out the amended complaint we deem it advisable to set forth somewhat fully the allegations of the amended complaint.

Paragraph 1 alleges in substance that, beginning in the month of December, 1936, plaintiff was in the employment of defendant as a baker, at its bakery in Newark, New Jersey, "at a weekly wage of forty-five ($45.00) dollars, being a sixty hour week," and so continued in said employment until about the month of March, 1942.

Paragraph 2 says: "While so employed as a baker, as afore-

said, plaintiff was permitted, suffered and ordered to work more than ten hours each day during each and every week of said employment because of an emergency in said bakery."

Paragraph 3 reads: "Plaintiff was ordered, directed and permitted to work more than sixty hours per week, to wit, plaintiff was ordered, directed and permitted to work five hours overtime each and every day, making 30 hours overtime each and every week, for the period of time aforesaid."

Paragraph 4 alleges that there is due and owing to plaintiff by reason of working overtime the sum of $6,142.50 "under and by virtue of an act entitled: 'An act regulating the age, employment, safety, health and work hours of persons, employees and operatives in places where biscuits, pies, bread, crackers, cakes, macaroni and other food stuffs, confectionery, candy, ice cream or frozen sweets are manufactured or made for the purpose of sale, and providing for the sanitation, sanitary condition and licensing of such places,' being Chapter 127 of the Laws of 1912 and the supplements and amendments thereto; being R. S. 34:6–114."

The pertinent part of the section of the above statute, cited in the amended complaint is as follows:

"No employee in any such place shall be required, permitted or suffered to work in any such place more than sixty hours in any one week or more than ten hours in any one day, unless for the purpose of making a shorter workday on the last day of the week, nor more hours in any one week than will make an average of ten hours per day for the whole number of days in which such employee shall so work during such week, but it shall be lawful, in cases of emergency, for an employer to permit an employee to work an additional time, not exceeding two hours per day, such extra work to be remunerated at the rate of weekly wages paid to such employee for his week of sixty hours. No employee in any such place shall be discharged by his employer for having made any truthful statement as a witness in a court or to the commissioner or a deputy commissioner or any inspector in pursuance of this article."

Following the above quotation from the statute paragraph 4 goes on to allege that the amount claimed is due and owing

to the plaintiff under the statute by reason of working overtime as aforesaid as directed, suffered and permitted by defendant during an emergency which defendant has refused and does refuse to pay.

Paragraph 5 of the amended complaint alleges that a formal complaint was filed by plaintiff with the Commissioner of Labor on or about February 16th, 1942, charging a violation of the statute and that all notices were given by the Commissioner to the defendant, in accordance with the statute and on or about March 3d, 1942, a formal complaint was served upon the defendant by the Commissioner of Labor charging the defendant with the violations of the act and that all conditions precedent and acts required under the statute were performed and complied with by plaintiff prior to the institution of this suit, whereby this cause of action arose.

In passing it may be noted that the proofs taken on the motion to strike show that the allegations of paragraph 5 of the amended complaint were not true; nor did the proofs support the allegations of paragraph 4 that an emergency existed.

A reading of the complaint clearly indicates that the cause of action was predicated solely on the statute. That plaintiff concedes this is indicated in the second sentence of appellant's brief wherein he says that "The said action was instituted under and by virtue of an act being *R. S.* 34:6–114 which is set forth at length on page 2 of the state of the case."

The first question presented is does this statute give rise to a cause of action to the plaintiff because he was required or permitted to work over sixty hours a week, even though it is alleged he worked overtime because of an emergency. The trial court answered the question in the negative but added the reservation that: "It may be that plaintiff has a cause of action for overtime; the statute may have some bearing on the question of damages, but it has no bearing upon the question of the right to recover."

With this we are in accord.

Appellant cites three cases in furtherance of his contention that he is one of a class for whose benefit the act was passed

and that, therefore, an action at law arose in his favor against the defendant.

The first case cited is *Kelly* v. *The Henry Muhs Co.,* 71 *N. J. L.* 358; 59 *Atl. Rep.* 23, and the second is *Guse* v. *Martin,* 96 *N. J. L.* 262. Both were actions in tort to recover damages in negligence cases and were based upon statutes requiring an employer to set up certain safety precautions and the employer did not set them up and the employee was injured as a result, and it was held that only those for whose benefit the statute was enacted could bring such suits. The other case cited by appellant is *Fielders* v. *North Jersey Street Railway Co.,* 68 *Id.* 343; 53 *Atl. Rep.* 404. This was a suit to recover damages occasioned by a fall of plaintiff due to a defect in the street pavement between the rails of defendant's track, which pavement a city ordinance required all street railway companies to pave and keep in repair and it was held that the ordinance did not confer a right of action upon any member of the traveling public who may sustain damages through the non-repair of the street.

There are, we presume, other decisions in this state construing statutes requiring an employer to have certain safety precautions, and the like, which hold that where the employer did not set them up and the employee was injured as a result, there might be an action in tort for the recovery of the damages due to the employer's negligence wherein the failure to comply with the statute has a bearing on the question of damages. In the *instant case* we are confronted with an entirely different situation. Here we have a penal statute, specifically providing that any person violating any of the provisions thereof shall be liable to a penalty of $50 for the first offense and $100 for each subsequent offense, which penalties shall be recovered in an action at law by and in the name of the Commissioner of Labor, which act prescribes the nature of the pleadings, the execution of the judgment by levy against the goods and chattels and body of the violator and also authorizes the Commissioner to file a bill in the Court of Chancery for an injunction to restrain violations of the act. See sections 116, 117, 118 and 119 of title 34, chapter 6. The statute gives no civil remedy or private right of

action. Both the title and body of the statute indicate that the sole purpose of its enactment was to provide for the protection, safety and health of the employees working in bakeries and the like.

Counsel for neither party has cited any New Jersey case directly in point. Counsel for appellee, however, calls attention to the case of *Evers* v. *Davis,* 86 *N. J. L.* 196; 90 *Atl. Rep.* 677, which, by analogy, they say is pertinent to the question whether or not the statute in the instant case allows a civil action in so far as it bears on the legislative intendment. The Evers case dealt with an action based on the violation of the Tenement House Act of 1904 (chapter 61, *Pamph. L.* 1904) providing for the installation of fire escapes. The statute prescribed a penalty for violations. This court held that no civil action could be brought directly upon the statute and that whatever benefit the plaintiff in a civil action derives from the statute must be through the common law action of negligence. The court said:

"The reason why no civil action can be based upon the statute is because no such action or right of action is given by the statute. The language of the statute is entirely free from ambiguity; it seeks to eliminate a source of danger by the imposition of a penalty. The legislature could, if such were its intention, have provided also that anyone injured by the breach of the statute should have a remedy by civil action. It has not seen fit to do so, and the court has no right to supply such omission, especially when, as in the present case, it is a deliberate omission."

The court went on to point out the danger of a misconception that could be equally erroneous; namely, that the omission to give a private action evinced a legislative intention that the statute should be without effect on private rights, and the court cited from an article by Ezra Ripley Thayer in the Harvard Law Review for February, 1914, to the effect that this is not the case and the reason why. The gist of the citation from the article is that the legislature must be assumed to know the law and if upon common law principles such a statute could affect private rights it must have been passed in anticipation of that result. If the effect of such a

statute is to change the relations of individuals to one another, this must come about, not through the intent of those who enacted the statute but by the operation of common law principles. It thus becomes, said Professor Thayer, a question of applying to the situation the principles of the law of negligence in the light of which the statute was passed.

Appellant cites the *dictum* in *Fielders* v. *North Jersey Street Railway Co., supra,* taken from *Weller* v. *McCormick,* 52 *N. J. L.* 470, to the effect that "it is a general principle, that where there rests upon any person a public duty, either arising at common law or created by statute, and that duty is due to the public; considered as composed of individuals, and for their protection, each person specially injured by breach of the obligation, is entitled to a private action to recover compensation for his damage." However, in the Evers Tenement House case, *supra,* this court said: "Confined to the benefit that thus accrues from these penal statutes to the plaintiff in a civil action, the *dictum* in the case of *Fielders* v. *North Jersey Street Railway Co.* * * * affords no support for the proposition that such statutes confer an independent statutory remedy or create a civil right of action." The court went on to say that whatever benefit the plaintiff in a civil action derives from such penal statutes is through the medium of the action of negligence.

We think the same principle applies in the instant case even though it is not based on negligence, and we hold that the act itself upon which the amended complaint was solely based gave the plaintiff herein no private right of action.

But, says appellant (and this presents the second question for determination), if this court believes that the statute does not confer a right for which an action will lie then under the common law he has properly pleaded a cause of action for overtime services, and the trial court should have treated the pleading of the statute as the basis of the action as mere surplusage and have held that the complaint did set forth a valid cause of action for damages in *quasi* contract on a *quantum meruit* basis. With this we are not in accord. If the surplusage be eliminated, the amended complaint pleads an express contract, which excludes an implied con-

tract.  In the case of *Voorhees* v. *Executors of Woodhull,* 33 *N. J. L.* 494, which involved a suit by a servant for extra compensation above the agreed monthly salary because her work was increased and more burdensome due to the illness of her employer, this court said:

"An implied contract cannot exist, where there is an existing express contract about the identical subject.  The parties are bound by their agreement, and there is no ground for implying a promise.  It is only when the parties do not agree, that the law interposes and raises a promise.  Where an express contract exists, there must be a rescission of it before the parties will be remitted to the contract which the law implies, in the absence of that agreement which they make for themselves."  See, also, 131 *Ken Ave. Co.* v. *Gross,* 125 *N. J. L.* 513; *Roselle Park Building and Loan Association* v. *Friedlander,* 116 *Id.* 32.

The amended complaint merely set up that plaintiff entered into a contract with the defendant providing for a stipulated salary and number of hours and that he "was permitted, suffered and ordered to work" more than the agreed hours for a period of five years.  At no point in his amended complaint does the plaintiff allege that the services of the extra hours were not of an identical or similar nature, or that there was rescission of the express contract with an agreement as to payment for the extra services in anyway which negatives the assumption that the extra services were requested and performed under the original contract as an incident thereof, and nowhere is there an allegation that the statute has the effect under common law principles of converting an express contract into an implied one.

We think it is apparent on the face of the amended complaint, that the plaintiff does not allege facts which give rise to a cause of action founded on the common law action of *quantum meruit.*

We pass over the appellant's point that the Supreme Court erred in striking the amended complaint as sham because we deem the real question to be the effect of the statute.

Appellant also contends that the Supreme Court erred in entertaining defendant's motion to strike in that the notice

of the motion failed to disclose the grounds upon which it was made. This point was not raised below. The parties produced proofs and argued the motion on its merits raising no objection to the insufficiency of the notice. The point is not well taken here.

We are of the opinion that the trial court properly struck out the amended complaint and the judgment for the defendant-appellee is, therefore, affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.