Mathias **EISENMANN** et al.

v.

**GOULD–NATIONAL BATTERIES, INC.**

Civ. A. No. 21219.

United States District Court
E. D. Pennsylvania.
Nov. 12, 1958.

Wilderman & Markowitz, Samuel Polsky, Melvin Alan Bank, Philadelphia, Pa., for plaintiffs.

Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

### Sur Motion to Amend

This is a motion to amend the second cause of action pleaded in a complaint filed against their employer by a number of employees in a plant manufacturing lead acid storage batteries. The first cause of action is for overtime under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. and is not material to this discussion.

The proffered amendment consists of (1) A claim for wages unpaid and expenses incurred as a result of the defendant's alleged failure to comply with its duty under the New Jersey occupational disease statute, N.J.S.A. 34:6–50 in failing to allow and pay wages for the required clean-up time and to furnish various items at its expense for the reduction of lead hazard. This is all spelled out in the second cause of action as pleaded in the original complaint, except for one or two unimportant changes and additions. (2) A claim for the same items, except that instead of being grounded upon the New Jersey statute it is grounded upon an alleged breach of a common-law duty to provide a safe place to work and to properly guard against health and safety hazards. (3) A claim for impairment of health, reduction of life expectancy, increased susceptibility to other diseases and the like, alleged to have been caused by the defendant's failure to perform the common-law duty to furnish a safe place to work, etc., pleaded above.

A motion to amend after a responsive pleading has been served is addressed to the discretion of the Court. The rule provides that leave shall be freely given when justice so requires but I am of the opinion that justice does not require the allowance of this amendment and that, on the contrary, to do so would entail useless delay and waste of time.

This action was commenced on August 22, 1956. A motion to transfer the case under 28 U.S.C. § 1404 was made and, after argument, denied by the Court on December 28, 1956. A motion for reargument was denied on January 25, 1957. The answer was filed on February 8, 1957. Discovery proceedings were carried on through the balance of 1957 and until April 10, 1958, at which time the

defendant filed a motion for summary judgment in its favor upon the second cause of action pleaded in the original complaint, for failure to state a valid claim, and also raising the question of jurisdiction. This motion was fully argued on July 1, 1958. At that time counsel for the plaintiffs advised the Court that a motion to amend the complaint would be filed shortly. It was filed on July 11 and is now before the Court for disposition.

The amendment contains no facts unknown to the plaintiffs and their counsel at the time the original complaint was filed. Nothing new was brought out by the discovery proceedings. Nevertheless the plaintiffs waited nearly two years to move to amend the complaint and then made the motion only after a motion for summary judgment had been filed and argued. The plaintiffs should not be permitted to sit by for this period of time and attempt to bolster up their pleadings in answer to a motion for summary judgment when that motion has not been filed precipitately and when they have had ample opportunity to present their claims to the Court in a timely manner. County of Marin v. United States, D.C., 150 F. Supp. 619, 623.

■ There is another reason why the amendment should not be allowed and that is that it does not plead a claim upon which relief can be granted. Speaking of the discretionary power of the Court in applications for leave to amend, the Court of Appeals in Stephens v. Reed, 3 Cir., 121 F.2d 696, 699, said "There can be no abuse (of discretion) when what is refused would avail the offeror nothing if allowed."

The New Jersey act is a penal statute providing penalties for its violation by either employers or employees, together with a procedure for the recovery of these penalties by a civil action in the name of the Commissioner. There is no suggestion of an intent to create any private rights either in the penalties or for monetary loss or expenses. The law of New Jersey, which is substantially that of Pennsylvania, governs and in Pericin v. Denburg's Modern Bakery, 130 N.J.L. 547, 33 A.2d 825, the New Jersey Court of Errors and Appeals, dealing with a case under the same title and chapter of the New Jersey statute, dismissed the action on the pleadings, holding that the statute was penal, was concerned only with the safety and health of employees and did not create a private cause of action.

The plaintiffs rely upon the Restatement of Torts, Vol. 2, Sec. 286, which states several situations in which a penal statute may evince an intention on the part of the legislature to impose civil liability, but it will be noted that the Restatement says "The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if. * * * (b) the interest invaded is one which the enactment is intended to protect." In the present case, it is perfectly clear, as the Court held in the Pericin case, supra, that the interest of the employees which the New Jersey statute is intended to protect is a health interest and not a financial interest.

The fundamental question involved is always the intention of the legislature as to the means of enforcement. The purpose of the act is to compel the employer to furnish washing and bathing facilities, etc., and also to compel employees to use them. Money payments to the employees would not further this purpose. For example, suppose an employer had failed to furnish any bathing facilities but had agreed to pay his employees each for ten minutes overtime in lieu thereof, on the theory that they could bathe at home. Obviously, the act would have missed its purpose. It is reasonable to believe that the legislature considered the penalty provision of the act as adequate to ensure the employer's compliance with it and that a private cause of action in the individual employees was not necessary or appropriate to achieve its object. Therefore, the Court will not imply one.

■ The claim for impairment of health is barred by the election of the

parties to accept the New Jersey Workmen's Compensation Law, N.J.S.A. 34:15–1 et seq. It amounts to no more than an action against an employer for personal injuries or the contraction of an occupational disease incurred by employees in the course of their employment.

The motion for leave to amend must be denied for both reasons discussed.

### Sur Motion for Summary Judgment

The motion is granted, for the reasons set forth in the part of the foregoing discussion concluding that the New Jersey statute does not create a private remedy.

In addition, the Court is without jurisdiction over the second cause of action as pleaded in the original complaint. The question here is whether, in a case based upon diversity of citizenship in a non-federal cause of action, the jurisdictional amount is in controversy. Answering the defendant's fourth interrogatory which was "State the amount of money claimed as damages by each Plaintiff adding up to the total of 'approximately $250,000.', as alleged in Paragraph 13 of the Complaint.", the plaintiffs stated "Approximately $1,445 per plaintiff * * *."

Obviously, this is not a true class action but a spurious one—a permissive joinder of a number of entirely separate and distinct claims (Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851). As such, the plaintiffs' several demands cannot be aggregated in order to make up the jurisdictional amount.

The only remaining question is whether in the case of each plaintiff the rule laid down by the Supreme Court in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, would permit the federal cause of action properly pleaded under the Fair Labor Standards Act to support the non-federal cause of action based on diversity but lacking the jurisdictional amount. That depends upon whether the complaint pleads two distinct *grounds* in support of a single cause of action or whether it pleads two separate and distinct causes of action. In the first case federal jurisdiction exists. In the second case it does not. "The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground;* in the latter it may not do so upon the nonfederal *cause of action.*" Hurn v. Oursler, supra, 289 U.S. at page 246, 53 S.Ct. at page 589.

The cause of action based on the New Jersey statute does not depend for its establishment upon the plaintiffs' proving that they worked more than 40 hours in any one week. Nor do the other items claimed, such as work clothing, medical examinations, etc., have anything to do with the hours worked. The Fair Labor Standards Act is concerned solely with hours worked in excess of 40 per week and wages therefor and does not include any items of expense. These are clearly separate and distinct causes of action and not separate grounds pleaded in support of one single cause of action.

Orders in accordance with the foregoing may be submitted.