**GAYLORD SHOPS, INC.**

v.

**SOUTH HILLS SHOPPERS' CITY, INC.,**
**J. C. Penney Co. and Robinson's**
**South Hills, Inc.**

**Civ. A. No. 62–80.**

United States District Court
W. D. Pennsylvania.

June 5, 1963.

Guy L. Warman, Pittsburgh, Pa., for plaintiff.

William H. Eckert, Pittsburgh, Pa., for defendant, South Hills Shoppers' City, Inc.

Thomas W. Pomeroy, Jr., Pittsburgh, Pa., for defendant J. C. Penney Co.

Bliss R. Mentzer, Pittsburgh, Pa., for defendant Robinson's South Hills, Inc.

MARSH, District Judge.

The question before the court is whether plaintiff should be permitted to amend its complaint. In our opinion, its proposed amendments should be denied and its untimely motion stricken.

The action was brought under the antitrust laws. The complaint was filed on February 5, 1962. Pretrial procedure was ordered, extensive discovery has been undertaken, two conferences have been held.

The complaint contained averments of fact which were sworn to by plaintiff's president and sole owner, Norman M. Stern. In it he, inter alia, averred that on or about April 1, 1960, plaintiff was prevented from obtaining a lease for available floor space in South Hills Shopping Center consisting of 3,750 square feet for a ten-year period from on or about May 1, 1960, by a conspiracy on the part of the defendants in violation of the Sherman Act.

Plaintiff and its counsel learned from the early discovery[1] and pretrial proceedings that it was the defendants' contention that no space was available in April, 1960, and, particularly, no storeroom containing 3,750 square feet was available from April, 1960, through the time the complaint was filed.

Plaintiff also learned early in the discovery proceedings, if it did not already know, that there was a vacant storeroom, No. 14, in the rear of the arcade, containing 900 square feet of floor space. Notwithstanding, it persisted in the contention that the storeroom it sought to lease was that occupied by Jane Lee Stores, Inc., consisting of 3,750 square feet, because its president had heard that Jane Lee was in bankruptcy. The letter of its president dated April 7, 1961, indicates pretty conclusively that he had not applied for any particular available space up to that time (defendant's Exhibit No. 26). Notwithstanding, it was not until the second conference held on March 21, 1963, that plaintiff requested leave to amend its complaint "to state a different number of square feet" (Tr. of March 21, 1963, p. 58, see also p. 55). This amendment if allowed would materially alter the factual basis of the action as sworn to by the plaintiff's president in the complaint.

In Pretrial Order No. 2, filed April 10, 1963, the court gave the plaintiff an opportunity to amend its complaint within five days. Ignoring this order, plaintiff's motion to amend was not filed until May

---

1. Mr. Stern's deposition was taken in May and June, 1962.

7, 1963,—22 days after the final date fixed by the Order and 47 days after plaintiff requested leave to amend.

The proposed amendment alleges that the available space plaintiff applied for consisted of 4,500 square feet at one location and approximately 900 square feet at another location, and that the application for the lease was made on or about March 1, 1961, instead of April 1, 1960.

Plaintiff did not timely request an extension of time. Indeed at oral argument, its counsel stated that the proposed amendment had been abandoned until it was subsequently learned that the Jane Lee bankruptcy had occurred in February, 1961, instead of February or March, 1960, a fact which reasonable diligence would have disclosed long prior to the filing of the complaint. And, of course, this lame excuse has no bearing whatsoever on its failure to amend within the time limit by stating a different number of square feet. In that respect, plaintiff, without excuse, completely disregarded the order fixing the time limit within which its proposed amendment could be filed.

In the meantime, the defendant, South Hills, relying upon the fact that the period fixed for amending the complaint had expired, filed its motion for summary judgment with supporting affidavits. The other defendants also filed motions for summary judgment predicated upon plaintiff's unamended complaint. The defendants had a right to presume that the order meant what it said, that plaintiff was not going to amend by stating a different number of square feet, and that they had a permanent basis on which to move for summary judgment. It seems fairly obvious in the circumstances that the purpose of the untimely motion to amend was to forestall the disposition of the case on defendants' motions for summary judgment.

■ In anti-trust actions, fair and orderly judicial policy requires enforcement of the time schedules fixed by the court in pretrial orders, unless their extension is timely requested for good cause. Unnecessary delay constitutes an obstruction to the administration of justice and judges have been advised to prevent it by a firm course of action. See: Prettyman Report, "Procedure In Anti-Trust And Other Protracted Cases", 13 F.R.D. 62, 83.

■ Even if plaintiff had complied with the order and timely filed its amendments, we do not think they should be permitted in the circumstances of this case. Although leave to file amendments ordinarily should be freely given when justice so requires, Rule 15(a), Fed.R. Civ.P., the judicial discretion invoked should not be without restraint. The interest of all the litigants should be considered. Here, injustice would result to the defendants if the amendments were allowed.

■■ It is our opinion that in anti-trust cases, when the recommended extensive and difficult pretrial procedure to particularize specific disputed issues of fact are practically completed, it would be unjust to permit an amendment materially altering the sworn factual basis for the action, particularly when the procedure has revealed that the sworn averments in the complaint are erroneous. If permitted in this case by the untimely motion, additional discovery may be required, additional conferences held, pretrial statements and orders changed. The pretrial procedure up to this time would be disrupted, and delay, waste of time and money, disorder, prejudice and injustice to the opposing parties would necessarily result. Cf. Garrison v. Baltimore & Ohio Railroad Company, 20 F. R.D. 190 (W.D.Pa.1957); Carroll v. Pittsburgh Steel Co., 103 F.Supp. 788 (W.D.Pa.1952); Eisenmann v. Gould-National Batteries, Inc., 169 F.Supp. 862 (E.D.Pa.1958); Darcy v. North Atlantic & Gulf S. S. Co., 78 F.Supp. 662 (E.D.Pa.

1948); Friedman v. Transamerica Corporation, 5 F.R.D. 115 (D.Del.1946).

Here the facts included in the amendment were known or should have been known to plaintiff before the complaint was filed. None of the facts were in the exclusive control of the defendants. No clear showing has been made that failure to plead them was due to an excusable cause.

As stated by Chief Judge Gourley in Garrison v. Baltimore & Ohio Railroad Company, supra, 20 F.R.D. at p. 195:

"Were this court to countenance such neglect and indifference in the pleadings of one party or the other, pleadings would become a mere sham and mockery rather than the vital representations upon which issues are unmasked and brought to the forefront in order that the judicial process might be given effect."

In Eisenmann v. Gould-National Batteries, Inc., supra, upon facts somewhat resembling those here, Judge Kirkpatrick, 169 F.Supp. at p. 864 stated:

"The amendment contains no facts unknown to the plaintiffs and their counsel at the time the original complaint was filed. Nothing new was brought out by the discovery proceedings. Nevertheless the plaintiffs waited nearly two years to move to amend the complaint and then made the motion only after a motion for summary judgment had been filed and argued. The plaintiffs should not be permitted to sit by for this period of time and attempt to bolster up their pleadings in answer to a motion for summary judgment when that motion has not been filed precipitately and when they have had ample opportunity to present their claims to the Court in a timely manner."

The motion to amend should be denied for both reasons discussed.

An appropriate order will be entered.