**UNIVERSAL ATHLETIC SALES COMPANY**

v.

**AMERICAN GYM, RECREATIONAL AND ATHLETIC EQUIPMENT CORP. et al.**

**Civ. A. No. 71–166.**

United States District Court,
W. D. Pennsylvania.

Feb. 22, 1971.

Robert D. Yeager, Pittsburgh, Pa., Lewis M. Dalgarn, Los Angeles, Cal., for plaintiff.

David Hanson, Pittsburgh, Pa., for defendants Grayson Industries Corp. and Ronald Arbasek.

Thomas Murray, Pittsburgh, Pa., for defendants American Super Gym, Super Athletics Corp. and Larry Salkeld, Donald Pinchock and S. David Brosky.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND AND ADD COUNTERCLAIMS IN PART

KNOX, District Judge.

In this patent infringement action which was filed February 22, 1971, defendant on September 16, 1971, filed a Motion to Amend Its Answer and to Add Counterclaims and Counterdefendants. We have received briefs and heard the arguments of the parties and have concluded to allow the amendment and the counterclaims only against the original plaintiff.

We are admonished by the United States Supreme Court in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) to allow amendments freely in the absence of certain reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

On the other hand, we also recognize the ruling as enunciated by Chief

Judge Marsh of this court in Gaylord Shops, Inc. v. South Hills Shoppers City, Inc., 33 F.R.D. 303, that amendments which will unduly broaden the scope of the action should not be allowed particularly where the action has been pending for a considerable period of time and discovery has been practically completed. We applied this rule recently in refusing such amendments in Rea v. Ford Motor Co., 326 F.Supp. 627. In the instant case, the amendments to the answer itself do not create additional issues being mainly descriptive of the parties to the proposed counterclaims. The counterclaims themselves, however, will inject a large number of additional issues and a number of additional parties into this already complicated action and will, in our opinion, deprive plaintiff of its right to a speedy and expeditious disposition of its claims. The counterclaims in addition to making claims by defendant, Grayson Industries Corporation, against the original plaintiff would bring in as counterdefendants two corporations and three individuals. One of the corporations is a California entity with its place of business in Los Angeles. The other corporation is a New York entity with its place of business in Hempstead, New York. Two of the individual defendants reside in California and the other individual defendant resides in New York.

■ These counterclaims are filed under Rules 13(f) [1] and 13(h) [2]. Until recent amendments, Rule 13(h) provided for bringing in additional parties when a counterclaim is filed "if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action". This language has been stricken out of the present Rule, however, joinder is still subject to the provisions of Rule 19(a) which, as now amended, reads: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if * * *."

■ It does not appear that the counterdefendants are subject to service of process issued by this court with the possible exception of counterdefendant, Olympia Sports Products, Inc., which is alleged to have sales representation in Pennsylvania.

The counterclaims are in general for violation of the patent laws and the anti-trust laws. Insofar as action under the anti-trust laws are concerned, we are bound by the provisions of 15 U.S.C. § 15 which provides for jurisdiction in treble damage actions over individual defendants "in the district in which the defendant resides or is found or has an agent * * *." With respect to corporate defendants, 15 U.S.C. § 22 provides for venue in the judicial district where the corporation is "an inhabitant" and in any district wherein it may be found or transacts business.

■ We will, however, permit defendant, Grayson, to file counterclaims against the plaintiff, Universal Athletic Sales Company, since if there are related counterclaims against the original plaintiff, it is proper that they be adjudicated in this action.

It may be that certain of the counterclaims are insufficient in law but if so, the plaintiff has means of attacking them after they are filed.

■ Since the language of the proposed amendment and counterclaims inextricably involves not only the plaintiff

1. "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect or when justice requires, he may by leave of course set up the counterclaim by amendment."

2. "Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20. As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966."

but also the proposed counterdefendants, we will require defendant, Grayson, to prepare revised counterclaims and amendments naming only the original plaintiff. When this has been prepared, the same may be presented to this member of the court with a short motion for filing which will be granted if the document is in proper form.