This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Carol Cunningham, appeals from the judgment of the Lorain County Court of Common Pleas that granted the motion for summary judgment of Appellees, Gary Cunningham ("Gary") and Guy Cunningham ("Guy"). We affirm.
On June 30, 2000, Appellant filed a complaint against Appellees to set aside a fraudulent conveyance of property. Thereafter, Appellant moved to compel discovery, which the trial court granted. Appellees moved for summary judgment on March 13, 2001 and, subsequently, Appellant moved for summary judgment. On August 13, 2001, Appellant moved for leave to file her first amended complaint; however, the trial court denied this motion. Appellant also moved for an order to impose sanctions, expenses, and fees against Guy for failing to comply with the trial court's order compelling discovery. On October 9, 2001, the trial court granted Appellees' motion for summary judgment. Appellant timely appeals raising three assignments of error for review.
 ASSIGNMENT OF ERROR I "The trial court erred to the substantial prejudice of * * * Appellant by ignoring a prior, unreversed judicial determination concerning ownership of the subject property, such that summary judgment in favor of * * * Appellees was improper."
In her first assignment of error, Appellant avers that the trial court ignored a previous judgment regarding the ownership of the subject property and, therefore, improperly granted summary judgment in favor of Appellees. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
In this case, the trial court determined that Appellant's complaint was barred by the statute of limitations and, accordingly, granted Appellees' motion for summary judgment. The time limitation in which Appellant must have asserted her fraudulent conveyance cause of action is set forth in Ohio's version of the Uniform Fraudulent Conveyance Act, which is codified in R.C. 1336.09. Appellant asserted that the conveyance was made to "hinder, delay, or defraud" her from obtaining the money owed to her; thus, the claim asserted in her complaint fell within R.C. 1336.04(A)(1). As such, R.C. 1336.09(A) required Appellant to assert her claim for relief "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by [Appellant]."
A review of the record indicates that Gary quitclaimed the property to Guy on December 6, 1993. Therefore, Appellant was required to assert her claim for relief "within four years after the transfer was made." However, Appellant filed her complaint on June 30, 2000, approximately six and one-half years after the transfer. As such, Appellant failed to file her complaint within the required timeframe.
Despite Appellant's failure to assert her claim for relief within four years of the transfer, she is not necessarily barred from asserting her claim. Specifically, R.C. 1336.09(A) provides that an individual may assert a claim for relief "within one year after the transfer or obligation was or reasonably could have been discovered[.]" Therefore, it must be determined if Appellant asserted her claim within one year after the transfer was or reasonably could have been discovered.
The record shows that on November 14, 1996, a magistrate issued a decision with findings of fact and conclusions of law with respect to Appellant's complaint for divorce and Gary's counterclaim for divorce. In the findings of fact, the magistrate found that Gary "`gifted' the [property] back to Guy the same day that he filed for divorce[.]" As a result of the magistrate's finding on November 14, 1996, Appellant did discover or reasonably could have discovered that the property had been transferred. Therefore, Appellant was required to assert her claim within one year from her discovery. See R.C. 1336.09(A). Appellant did not file her complaint until June 30, 2000, well beyond the one-year statute of limitations period.
Accordingly, as Appellant failed to file her complaint within the requisite time period, we find that the trial court properly granted summary judgment in favor of Appellees. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "The trial court committed reversible error by denying Appellant's motion for leave to file first amended complaint."
In her second assignment of error, Appellant alleges that the trial court erred by not granting leave to file a first amended complaint, pursuant to Civ.R. 15(A). Appellant's allegation is not well taken.
Civ.R. 15(A) provides in pertinent part:
 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.] * * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
As the trial court maintains the discretion whether to deny leave to amend, an appellate court will not reverse a trial court's decision denying leave to amend a pleading absent an abuse of discretion.Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, 122. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
"[W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion." Peterson v. Teodosio (1973), 34 Ohio St.2d 161,175. A plaintiff must move to amend under Civ.R. 15(A) in a timely manner. Johnson v. Norman Malone Assoc., Inc. (Dec. 20, 1989), 9th Dist. No. 14142, at 10. See, also, Peterson, 34 Ohio St.2d at 175. Accordingly, "[a]n attempt to amend a complaint following the filing of a motion for summary judgment raises the spectre of prejudice." Johnson, supra, at 10. Therefore, "`plaintiffs should not be permitted to sit by for this period and bolster up their pleadings in answer to a motion for summary judgment.'" Id., quoting Eisenmann v. Gould-National Bakeries,Inc. (E.D.Pa. 1958), 169 F. Supp. 862, 864.
In the instant case, Appellant moved to amend her complaint approximately fourteen months after filing her original complaint, five months after Appellees' filed their motion for summary judgment, and three months after filing her motion for summary judgment. As Appellant failed to timely file her motion to amend her first complaint, we do not find that the trial court abused its discretion by denying her motion to amend. See Johnson, supra, at 10 (finding that trial court did not abuse its discretion in denying plaintiff's motion to amend when plaintiff filed this motion almost twenty months after the original complaint, and three weeks after both parties had filed motions for summary judgment). Consequently, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "The trial court committed reversible error in failing to enforce its order compelling discovery."
In her third assignment of error, Appellant contends that when the trial court did not impose sanctions, expenses, and fees it failed to enforce its order compelling discovery. Appellant's contention has no merit.
A trial court has broad discretion over the management of discovery and the imposition of sanctions for a violation of a discovery order. Stateex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus; State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469. As such, a reviewing court will reverse only upon a finding that the trial court abused its discretion. Nakoff v. FairviewGen. Hosp. (1996), 75 Ohio St.3d 254, syllabus. Prior to imposing a sanction, the trial court should inquire into the reason for the discovery violation. Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, paragraph two of the syllabus. Furthermore, the trial court should impose the least severe sanction that is consistent with the purposes of the discovery rules. Id.
At the outset, we note that the trial court did not rule on Appellant's motion for sanctions, expenses, and fees; therefore, we presume the trial court denied the motion. University of Akron Scholarship Fund v.Bontrager (July 2, 1997), 9th Dist. No. 18129, at 4, fn. 1, citing Solonv. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347, 351-352.
In this case, Appellant asserted that after reviewing her file, it was discovered that Guy had still not produced various tax documents, namely, federal income tax returns for the years 1991, 1992, and 1993. Guy acknowledged that he did not produce those documents, but explained that he did not retain the documents and, therefore, had filed a request with the Internal Revenue Service for copies of those tax returns. Additionally, Guy explained that the Internal Revenue Service had not yet sent the copies of the tax returns. Consequently, we find that the trial court did not abuse its discretion in denying Appellant's motion to impose sanctions, expenses, and fees. Accordingly, Appellant's third assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
CARR, J., WHITMORE, J. CONCUR