Clinton **GABAREE**

v.

**JAY SHIP MAINTENANCE CORPORATION, Defendant and Third-Party Plaintiff,**
and

Mar-Trade Corporation, Defendant (Pennsylvania Dry Dock & Shipbuilding Co., Inc., American & Foreign Warehouse Co., Thomas S. Lee, Third-Party Defendants).

**Civ. A. No. 22240.**

United States District Court
E. D. Pennsylvania.

Oct. 8, 1958.

Edward L. Wolf, Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Thomas F. Mount, Rawle & Henderson, Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for defendants.

EGAN, District Judge.

Five years after the original complaint was filed seeking recovery on the ground of negligence, plaintiff moves to amend by adding the additional charge that defendants failed to provide him with a seaworthy vessel on which to work. Counsel for plaintiff maintains that the amendment is sought at this time because through an oversight of prior counsel for plaintiff, the averment in question was never included in the original complaint. Defendants oppose the motion on two grounds. In the first instance, it is asserted that it is untimely and would introduce a new cause of action subsequent to the running of the governing statute of limitations. Secondly, that under the facts alleged, plaintiff, as a matter of law, is not entitled to maintain an action under the unseaworthiness theory, regardless of the timeliness of his plea.

This is a personal injury case which was initiated in April of 1953. Plaintiff, in his original complaint, has set forth what we believe to be a valid cause of action based on common law negligence. In spelling out the action in negligence, plaintiff has more than sufficiently apprised defendants of the nature of his claim. To this extent, we can see no prejudice which would require the denial of the motion.

Rule 15(c) of the Federal Rules of Civil Procedure states:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." 28 U.S.C.A.

Professor Moore comments:

"Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitation than one who is informed of the precise legal description of the rights sought to be enforced. * * * While it is still the rule that an amendment which states an entirely new claim for relief will not relate back, the Federal Rules have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim." 3 Moore, Federal Practice, § 15.15, p. 851.

The instant case comes squarely within the intention of the Rules as interpreted by Professor Moore. See, Shelton v. Seas Shipping Co., D.C.E.D.Pa. 1946, 7 F.R.D. 233; Batkiewicz v. Seas Shipping Co., D.C.S.D.N.Y.1943, 53 F. Supp. 802 and cases cited in 3 Moore, Federal Practice, pars. 15.08 and 15.15. Since defendants knew of the nature of plaintiff's injuries and the details incidental thereto from at least the time the complaint was filed, we believe that

this motion to amend should be granted. This is particularly true since Rule 15(a) says that leave to amend "shall be freely given when justice so requires."

So far as the second objection is concerned, we do not believe that a matter so closely identified with the merits of the case should be considered on a motion to amend. The record will be more complete for a decision on that point after all the facts are developed at trial.

### Order

And Now, October 8th, 1958, it is hereby Ordered and Decreed that plaintiff's motion to amend the complaint so as to include an allegation of unseaworthiness is granted.