Mrs. Lydia Sandoz HASSAN, Administratrix of the Estate of Owen J. Sandoz, Deceased, Appellant,

v.

A. M. LANDRY & SON, INC., and the Travelers Insurance Company, Appellees.

No. 19641.

United States Court of Appeals
Fifth Circuit.

July 26, 1963.

Raymond H. Kierr, New Orleans, La., Samuel C. Gainsburgh, New Orleans, La., Harry B. Garland, Opelousas, La., Eldon E. Fallon, New Orleans, La., of counsel, for appellant.

Donald L. King, George Denegre of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for appellees.

Before RIVES, LEWIS,* and BELL, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment sustaining the defendants' motion to dismiss or in the alternative for summary judgment. The complaint was filed by Mrs. Lydia Sandoz Hassan, as administratrix of her deceased son, Owen J. Sandoz, against A. M. Landry & Son, Inc., his employer at the time of his death, and its insurer Travelers. According to the complaint, the decedent lost his life on June 1, 1958 as the result of the crash landing of a helicopter in the Gulf of Mexico, while he was being transported to his vessel. The complaint was filed May 31, 1961, nearly three years from the date of decedent's death. It alleged that the decedent is survived by the plaintiff, his mother; by three minor children and their mother, his wife; and by two other minor children of the decedent's wife "with regard to whom decedent stood in *loco parentis*." It sought damages in the sum of $250,000.00 allegedly "under the Jones Act and also under the General Maritime Law and the Death on the High Seas Act, insofar as the latter are applicable."

■ By their motion to dismiss the defendants correctly pointed out: (1) that the General Maritime Law does not recognize an action for wrongful death;[1] (2) that any action under the Death on the High Seas Act is barred by the two-year statute of limitations.[2]

■■ On appeal the plaintiff urges her claim solely as under the Jones Act, 46 U.S.C.A. § 688 et seq. Under that Act and the provisions of the Federal Employers' Liability Act,[3] which it adopts by reference, the recovery for the death of an employee is for the benefit of the surviving widow and children of the employee, if any, to the exclusion of his parents or other beneficiaries. 45 U.S.C.A. § 51, § 59. Chicago B & Q R. Co. v. Wells-Dickey Trust Co., Administrator, 275 U.S. 161, 163, 48 S.Ct. 73, 72 L.Ed. 216; Wade, as Administratrix, v. Rogala, 3 Cir. 1959, 270 F.2d 280. If the plaintiff as administratrix is entitled to recovery under the Jones Act, her recovery would not be on behalf of the estate but solely as trustee for the designated survivors, that is, in this case the widow and minor children. Lindgren v. United States, 1930, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686.

The motion for summary judgment set up that the widow individually and as tutrix of the children had settled and compromised all claims for wrongful death by authority of a court judgment and had given a full and complete release to the defendants. Attached to the motion as exhibits were copies of the petition of the widow, as the duly qualified natural tutrix of the minor children, to the 27th Judicial District Court for the Parish of St. Landry, Louisiana, seeking authority to make a full and complete settlement. The widow waived any claims on her own behalf and the settle-

* Of the Tenth Circuit, sitting by designation.

1. Lindgren v. United States, 1930, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; Metcalfe v. The Alaska, 1889, 130 U.S. 201, 9 S.

Ct. 461, 32 L.Ed. 923; Lewis v. Rickards (The Harrisburg), 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358.

2. 46 U.S.C.A. § 763.

3. 45 U.S.C.A. § 51 et seq.

ment was made on behalf of the minor children for the total sum of $46,960.00, allocated to the respective minors. Also attached to the motion for summary judgment was a copy of the judgment of said court approving the settlement and providing that upon receipt of the amount specified "A. M. Landry & Son, Inc. and Travelers Insurance Company be and they are hereby discharged from any and all further liability, responsibility and claims whatsoever which may or might be made against them as a result of the accident and death of the said Owen James Sandoz under the Compensation Laws of the State of Louisiana, the general tort laws of the State of Louisiana, or any other law whatsoever." Attached also was a release by the widow in the form of an authentic act under the laws of Louisiana.

There was further attached as an exhibit to the motion for summary judgment a copy of proceedings had on the same day, June 1, 1959, before the same court, in which the plaintiff in the present action, the mother of the decedent and the administratrix of his estate, joined the widow in petitioning the court to approve settlement on behalf of the minors and by the administratrix against various parties, not including the defendants in the present case, for any matters arising out of the injury to and death of Owen J. Sandoz, deceased, for the total sum of $50,000.00. Attached also was a copy of the judgment of that court approving the settlement and authorizing the execution of the release and also the release signed by the widow and natural tutrix of the minors and by Lydia Sandoz Hassan, individually and as administratrix of the Estate of Owen J. Sandoz.

It thus clearly appears that, with the active cooperation of the present plaintiff, the widow of the decedent, individually and as tutrix of his minor children, with court approval, has settled, or at least attempted to settle, any claim for his wrongful death which might have existed under the Jones Act. Civil v. Waterman SS Corp., 2 Cir. 1954, 217 F. 2d 94; Larry v. Chicago, B & Q R. Co., E.D.Mo., 1947, 74 F.Supp. 798.

The only question remaining is the validity of that settlement. The exhibits attached to the motion to dismiss disclose that Zurich Insurance Company, as the insurer of Humble Oil Company, had agreed to pay to the minor children of the decedent $50,000.00, and provided that Travelers Insurance Company and A. M. Landry & Sons, Inc., were entitled to receive, by way of subrogation, out of said $50,000.00, the amounts paid by them to said minor children, and further that, in addition to the amount reimbursed by Zurich's insurance, Travelers was paying a total of $1,960.00. The Louisiana Court in approving the settlement ordered: "that all of the amounts paid to the said minors as hereinabove set forth out of the money paid by Zurich Insurance Company, as the insurer of Humble Oil Company, is hereby credited to the amount due by Travelers Insurance Company as set forth in the compromise settlement presented herein * * *." The plaintiffs introduced no evidence to show that this was error or that Travelers was not so entitled to be subrogated.

The exhibits further disclosed that the three minor children of the decedent and his wife were born out of wedlock, and that the two other minor children of the wife "with regard to whom decedent stood in *loco parentis*" were born of a previous marriage "subsequently" terminated by divorce. Those facts appear to us immaterial because illegitimate children qualify as beneficiaries under the Jones Act. Civil v. Waterman SS Corp., supra, 217 F.2d 98.

The validity of the settlement is not attacked as fraudulent or in any other way except in the particulars which have been mentioned. The settlement having been fully and explicitly described to the Louisiana court and having received that court's approval, we think that it meets even the careful scrutiny to which settlements and releases under the Jones Act must be subjected. See Garrett v. Moore-McCormack Co., 1942,

317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239.

The defendants sustained their burden of showing the absence of any genuine issue as to the material facts, and no countervailing evidence having been offered by the plaintiff, summary judgment was properly entered. See 6 Moore's Federal Practice, § 56.15(3), p. 2129. The judgment is

Affirmed.