Richard J. COMEAUX, Jr.

v.

TWO-R DRILLING CO., Inc., Rebstock & Reeves Drilling Company and Michigan Mutual Liability Company.

Civ. A. No. 13392, Division "C".

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 15, 1964.

19.  Cohen v. Dana, 83 N.Y.S.2d at 418.

Wilson M. Montero, Jr., Kierr & Gainsburgh, New Orleans, La., for plaintiff.

W. Ford Reese, Adams & Reese, New Orleans, La., for defendants.

WEST, District Judge.

This is a suit for personal injuries brought by plaintiff under the Jones Act, and under the General Maritime Law. Plaintiff was injured on September 25, 1960, while working on a drilling barge which he contends is a vessel. He further contends that he was a member of the crew of that vessel at the time of his injury. On April 6, 1961, plaintiff entered into a court-approved settlement, pursuant to the provisions of the Louisiana Workmen's Compensation Act, with these same defendants, in accordance with the terms of which he settled his Louisiana workmen's compensation claim, together with all other claims that he had or might have arising out of this accident, for the sum of $2,500. At that time, in consideration of the payment to him of the sum of $2,500 he gave defendants, and each of them, a release of all claims arising under "Louisiana Workmen's Compensation Act, the Jones Act, the Longshoremen and Harbor Workers Act, in tort, in admiralty, at common law, or otherwise, * * *". This settlement and release was approved by the judge of the Seventeenth Judicial District Court for the Parish of Lafourche, Louisiana. Plaintiff was represented in those proceedings by a court-appointed attorney, as provided for under the provisions of the Louisiana Workmen's Compensation Act.

On April 25, 1963, or two years after the completion of this settlement, the plaintiff filed the present suit. Respondents plead the above mentioned settlement and release as res judicata and a bar to plaintiff's demands, and move this Court for summary judgment. Of course, it is too basic to require citation of authority that in order for summary judgment to issue it must appear to the Court that there is no material issue of fact involved. Furthermore, it is well settled that when a court, whether State or Federal, attempts to enforce or adjudicate a substantive right arising from admiralty law, it must do so in a manner conforming to admiralty practice, and that in admiralty, the responsibility is on the defendant to sustain a release rather than on a plaintiff to overcome it. Garrett v. Moore-McCormack Co., Inc., 317 U.S. 239; 63 S.Ct. 246, 87 L.Ed. 239 (1942). Thus, the only question here at issue is whether or not the respondents have sustained the release by attaching to their motion to dismiss, or for summary judgment, copies of the State Court workmen's compensation proceedings and the release given in connection therewith. This Court believes that defendant has sufficiently sustained the release to warrant a dismissal of this suit. Garrett v. Moore-McCormack Co., Inc., supra. As a general rule, a judgment of a court of one of the States must be given full faith and credit absent a showing of fraud or lack of jurisdiction. Midessa Television Co., Inc. v. Motion Pictures for Television, Inc., 290 F.2d 203 (CA5 1961). No such showing of fraud or absence of jurisdiction in the State Court has here been made. When respondents originally agreed to settle this claim with the plaintiff, the amount agreed upon was the sum of $1,500. However, after an attorney was appointed by the judge of the State Court to represent the plaintiff, this amount was increased to the sum of $2,500. After this increase, the State Court judge approved the settlement. The settlement petition presented to the State Court clearly states:

"That by the effects of this compromise settlement, first-named petitioner, Richard Comeaux, does hereby discharge second-named petitioners, Rebstock and Reeves, a commercial partnership, consisting of Jefferson J. Rebstock, Sr., Jefferson J. Rebstock, Jr., Darwin J. Rebstock, Earl Paul Rebstock, Roland B. Rebstock, Mrs. Elizabeth Cheramie, R. H. Reeves, Jr., and Margaret Ann Reeves, and R. H. Reeves, Sr., Two-R Drilling Company, and Gulf Tide

Drilling Company, Inc., and third-named petitioner, the Michigan Mutual Liability Company, of and from all further liability under the Louisiana Workmen's Compensation Act, the Jones Act, the Longshoremen and Harbor Workers Act, in tort, in admiralty, at common law, or otherwise."

and then proceeds to pray that:

W H E R E F O R E, petitioners pray that this joint petition for authority to enter into a compromise settlement under the Louisiana Workmen's Compensation Act, under the Jones Act, under the Longshoremen and Harbor Workers Act, be approved by the Court, and Judgment accordingly.

"And for all general and equitable relief."

The attorney appointed by the Court, pursuant to law, to represent the plaintiff in those proceedings, certified that:

"I, the undersigned attorney, having been appointed by the Court, to represent and advise first-named petitioner, respecting his rights under the Louisiana Workmen's Compensation Act, the Jones Act, the Longshoremen and Harbor Workers Act, do hereby certify that I have done so, and, after consulting with the said Richard Comeaux, am of the opinion that the compromise is to his best interest, is fair and equitable, and entered into for the purpose of avoiding vexatious and expensive litigation."

Then, the State Court judge declared, in part, that:

"THE COURT, having first examined this joint petition for authority to enter into a compromise settlement, and having been advised by the attorney for the first-named petitioner, that in his opinion the said compromise is fair and equitable, and the Court, having then interrogated the said Richard Comeaux, as to his understanding of the compromise agreement, and being fully

satisfied that he understands the same, and believing the compromise agreed upon to be fair and equitable, and primarily entered into for the purpose of avoiding vexatious and expensive litigation;

"IT IS ORDERED, ADJUDGED, AND DECREED, that the compromise agreement incorporated in the foregoing petition, be, and the same is hereby approved and Judgment rendered, in favor of Richard Comeaux, and against (here was listed all respondents involved) in the amount of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars, payable in one lump sum."

Then the State Court judge proceeded to declare:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that upon payment of this Judgment, the said Rebstock and Reeves Drilling Company, (here naming the remainder of the defendants) be, and they are hereby released and forever discharged of and from all further liability under the Louisiana Workmen's Compensation Act, the Jones Act, the Longshoremen and Harbor Workers Act, in tort, in admiralty, at common law, or otherwise."

And then, in the Receipt and Release given to the respondents, petitioner himself states:

"That I, Richard Comeaux, have this day executed a joint petition for authority to settle my claim for compensation, whereby I am to receive the sum of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars, and for the sole consideration of the sum Two Thousand Five Hundred and No/100 ($2,500.00) Dollars, to me in hand paid, by the Michigan Mutual Liability Company, the receipt whereof is hereby acknowledged, have released and by these presents do for myself, my heirs, executors, administrators, and assigns, release and forever discharge, the said (here are listed all

defendants) of and from any and all claims, demands, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, arising out of and from all claims and rights of action under the Louisiana Workmen's Compensation Act, the Jones Act, the Longshoremen and Harbor Workers Act, in tort, in admiralty, at common law, or otherwise, * * *

"I DO FURTHER ACKNOWLEDGE, that I have had thoroughly explained to me, my rights under the Louisiana Workmen's Compensation Act, the Jones Act, the Longshoremen and Harbor Workers Act, in tort, in admiralty, at common law, or otherwise, as well as the Statutes of the State of Louisiana, and the U. S.; that I am fully acquainted with those rights, and do acknowledge that this release is in full release of all of those rights, separately, and cumulatively, and including any obligations that may be owed by the said Rebstock and Reeves, (here follows a list of all other defendants) for wages, maintenance, and cure, or the doctrine of failure to pay, wages, maintenance, and cure."

█ █ It is noted also that this receipt and release, which expressly releases respondents from all liability under the Louisiana Workmen's Compensation Act, the Jones Act, the Longshoremen and Harbor Workers' Act, in tort, in admiralty, at common law, or otherwise, including all claims for wages, maintenance and cure, or failure to pay wages, maintenance and cure, was not only signed by petitioner, but his signature was witnessed by the presiding State Court judge and the attorney appointed to represent the petitioner. It is difficult to imagine a release which could be more specific than this one. The use, in both the settlement petition and in the release of such terms as "Jones Act", "Longshoremen and Harbor Workers

Act", "admiralty", and "maintenance and cure", leaves little doubt that the settlement thus entered into on April 6, 1961, contemplated a complete settlement of all claims which petitioner had growing out of this accident, including the claims here asserted. To hold otherwise would require this Court to find that either there was fraud involved in the settlement proceedings, or that both the State Court judge and the court-appointed attorney have willfully misrepresented the facts in this case. They have both certified that all of plaintiff's rights were thoroughly explained to him, and they have both certified that in their opinion the settlement was fair and equitable. They have both further certified that they were satisfied that this plaintiff clearly understood all of his rights connected with or growing out of this accident. There is simply no evidence in the record to justify this Court in holding that the State Court judge and the court-appointed attorney have willfully misrepresented these facts. Both the judge and the attorney have certified that all of petitioner's rights were fully explained to him, and that he understood those rights. Petitioner himself has certified, before two witnesses, that his rights were thoroughly explained to him, including his rights under the Louisiana Workmen's Compensation Law, the Jones Act, the Longshoremen and Harbor Workers' Act, and in admiralty, as well as in tort, and that he fully understood those rights. Thus, there being no showing of fraud, and there being no showing that the State Court lacked jurisdiction over this matter, this Court is of the opinion that the settlement meets even the careful scrutiny to which settlements and releases under the Jones Act must be subjected. Hassan v. A. M. Landry & Son, Inc., 321 F.2d 570 (CA5 1963).

The respondents having sustained the burden of showing the absence of any genuine issue of material fact, their motion for summary judgment herein will be granted.