**Elisabeth RAABE, etc.**

**v.**

**UNIVERSE TANKSHIPS, et al.**

**66 Civ. 1284.**

United States District Court
S. D. New York.

Oct. 14, 1966.

Goldstein & Sterenfeld, New York City, for plaintiff; Herbert W. Sterenfeld, New York City, of counsel.

Bingham, Englar, Jones & Houston, New York City, for defendants; John L. Quinlan, New York City, of counsel.

COOPER, District Judge.

Plaintiffs' attorney moves for an order prohibiting defendants, their agents and attorneys, from communicating with plaintiffs except through him and holding void the results of any such com-

munication made after defendants had notice of plaintiffs' retention of counsel.

■ Plaintiffs are the representatives of three German and seven Okinawan seamen who died in a disaster at sea in 1964. If acceptable, the terms of this motion would avoid a settlement defendants reached with the three German plaintiffs. These settlements were admittedly made without the consent or knowledge of plaintiffs' New York attorney. This in itself is not sufficient reason to avoid the settlements. A client has an absolute right to settle a case without the consent of his attorney. Matter of Snyder, 190 N.Y. 66, 82 N.E. 742, 14 L.R.A., N.S., 1101 (1907). Absent a showing by the German plaintiffs of overreaching or other impropriety by defendants, this court will not void the settlements.

■ The question of defendants' communications with the Okinawan plaintiffs raises more disturbing questions. Seamen, their widows and offspring are the wards of Admiralty and come within the special protection of this Court. Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Hassan v. A. M. Landry & Son, Inc., 321 F.2d 570 (5th Cir. 1963), cert. denied 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964). This Court, cognizant of the inherent inequality in any negotiations between the corporate defendants and plaintiffs, would look with disfavor upon any steps tantamount to circumventing plaintiffs' attorney. We have the power to regulate the conduct of litigants and attorneys seeking justice. However, upon the papers before us, we cannot find that defendants have perpetrated such acts of oppression, harassment or overreaching as to now entitle movant injunctive relief.

Motion denied without prejudice upon a showing that would warrant court interference.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.