George W. **HIGGINBOTHAM**

v.

**MOBIL OIL CORPORATION.**

No. 8268.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 9, 1969.

Jack C. Benjamin, New Orleans, La., for plaintiff.

John Poitevent, New Orleans, La., for subrogated underwriters of M/V Miss Ellen.

George B. Matthews, New Orleans, La., for defendant.

### MEMORANDUM OPINION AND ORDER

BOYLE, District Judge:

On June 7, 1966, Higginbotham, deceased since June 9, 1966, filed his complaint. The preamble thereof describes the pleading as "The libel and complaint of George W. Higginbotham, *as owner*, of the Trawler MISS ELLEN * * * in a cause of collision and negligence, civil and maritime * * *." (Emphasis supplied.)

Article I alleges Higginbotham's residence and the fact of his ownership of the MISS ELLEN.

Article II alleges the corporate status of the defendant and its ownership of a steel structure located in the Gulf of Mexico with which the MISS ELLEN collided.

Article III alleges, in detail, circumstances surrounding the collision of the MISS ELLEN and the structure, the breaking of the MISS ELLEN'S bow stem in the collision, her taking water, and the rescue of her unidentified crew of three by another vessel. The right was reserved to amend and supplement Article III and to prove same at the trial.

Article IV disclaims any conduct on the part of the MISS ELLEN causing or contributing to the collision and makes six particularized charges of fault and negligence on the part of the defendant. Again there is a reservation of right to amend [Article IV] and to "further specify the acts of negligence complained of and statutes violated when the facts surrounding the collision become fully known and to prove them at the trial of this case."

Article V alleges that "by reason of the premises, libellant has sustained damages directly attributable to the collision and foundering of the MISS ELLEN, presently estimated to amount to the sum of Fifty Thousand and No/100 ($50,000.00) Dollars." And the right was reserved to amend this Article "to set forth his damages with particularity and to increase his claim if further or additional damages are discovered."

Article VI, the final one of the complaint, states that the matters alleged are within the admiralty and maritime jurisdiction of this Court.

Significantly the complaint makes no mention of any personal injuries suffered by any of the crew of the MISS ELLEN. Nor does it allege that Higginbotham was even aboard the vessel.

The complaint was served on defendant on June 20, 1966, and the answer was filed on August 12, 1966. Nothing else appears in the record until September 5, 1968, when plaintiff served interrogatories on the defendant. Answers were filed October 9, 1968.

On October 25, 1968, decedent's widow, as the duly qualified administratrix of his estate, by and through counsel other than counsel who filed the original complaint, filed this motion to substitute herself as party plaintiff under the authority of 46 U.S.C. § 761 et seq., the Death on the High Seas Act, and to amend the original complaint to read that as a result of the collision, "[decedent] sustained damages * * * including damage to his vessel and personal injuries which ultimately resulted in his death."

The question to be resolved is whether or not the original complaint filed by decedent on June 7, 1966, included an action for personal injuries. If it did, then decedent's duly qualified administratrix can amend the original complaint under the authority of 46 U.S.C. § 765. If it did not, decedent's widow cannot amend. A new action under 46 U.S.C. § 761 would be barred by the two year limitation imposed by 46 U.S.C. § 763.

The reservation to amend found following Articles III and IV can only be viewed as referring to amendments concerning the circumstances surrounding the collision (Article III) and the fault and statutory violations chargeable to the defendant (Article IV).

The reservation with respect to Article V can only relate to damages described therein—"* * * damages directly attributable to the collision and foundering of the MISS ELLEN * * *" itself and not to any damages for personal injuries sustained by any individual in the collision and the resultant foundering of the MISS ELLEN.

Considering all of the circumstances, we view the demand made to relate solely to and to cover only the damages caused to the MISS ELLEN in the collision and her resultant foundering.

In the Motion hearing, counsel of record for decedent[1] urged upon us his intention that the complaint would state a cause of action "for collision damages which included Mr. Higginbotham's personal injuries * * *, insured loss of his vessel and his uninsured loss."

It was also disclosed that in December 1965,[2] about six months before the complaint was filed, record counsel for decedent was aware of Higginbotham's serious condition resulting from what counsel, in acknowledging possession of information concerning complainant's grave condition at the time the complaint was filed, described as carcinoma of the chest activated by injury, not mentioned in the complaint, but now claimed to have been suffered in the alleged collision. Higginbotham died only two days after the complaint was filed.

Counsel now claims that the $50,000 demanded (in the complaint declared to be the estimate of damages directly attributable to the collision and foundering of the MISS ELLEN) would cover $33,000.00 of property damage[3] and $17,000.00 for the decedent's *unalleged* personal injuries.

The letter of November 14, 1967,[4] now pointed to as evidence of intent to include a claim for personal injuries in the complaint, merely expresses the well understood intention of the widow to re-cover money and proposes a $15,000.00 settlement of which the subrogated underwriter would receive $10,000.00 and the widow $5,000.00.

Considering all of the facts and circumstances herein, we cannot say that counsel's intent and present claims, not objectively evidenced by this pleading, will convert the action from one for property damage only to one for property damage and damages for personal injury.

The General Maritime Law does not provide for survival of actions for wrongful death. Hassan v. A. M. Landry & Son, Inc., 321 F.2d 570 (5th Cir. 1963), cert. den. 375 U.S. 967, 84 S. Ct. 486, 11 L.Ed.2d 416 (1964); Abbott v. United States, 207 F.Supp. 468 (D.C. N.Y.1962). And since the accident occurred about 60 miles from the Louisiana coast, Louisiana law is not applicable. United States v. Gavagan, 280 F.2d 319 (5th Cir. 1960), cert. den. 364 U.S. 933, 81 S.Ct. 379, 5 L.Ed.2d 365 (1961); Rodrigue v. Aetna Casualty and Surety Co., 266 F.Supp. 1 (D.C.La.1967). Therefore, plaintiff's action must rise or fall strictly on the Death on the High Seas Act, 46 U.S.C. § 761 et seq., *Rodrigue,* supra.

46 U.S.C. § 761 provides that whenever the death of a person is caused by wrongful act, neglect, or default occur-

---

1. Counsel for Higginbotham was also counsel for the hull underwriter. It appears from the letter of December 16, 1965 (see Fn. 2 infra) that Higginbotham was also represented by Texas attorneys who did not appear of record herein. The widow of Higginbotham has moved, through the latter and other New Orleans attorneys, to amend the complaint.

2. See letter dated December 16, 1965 addressed to decedent's counsel of record herein by decedent's Texas counsel.

3. The hull underwriter of Higginbotham's trawler paid him $20,000.00, taking a subrogation receipt, dated which provided in part:
   "The said Trans-Atlantic Marine Insurance Agency, Inc., its successors and assigns are hereby irrevocably authorized to act as the true and lawful attorney or attorneys of the undersigned, with full power of substitution and revocation, for and in the name of George W. Higginbotham or otherwise, but for the sole use of the said Trans-Atlantic Marine Insurance Agency, Inc., its successors and assigns, to ask, demand, institute such suits as it shall deem proper, in the name of George W. Higginbotham or otherwise (but at the expense of Trans-Atlantic Marine Insurance Agency, Inc.) collect, receive, compound and give releases and acquittances for said claims or demands, or any part thereof."

4. See letter attached to the memorandum of counsel for complainant in support of the Motion to Amend filed by attorneys for Higginbotham's widow who filed a separate memorandum in support of the Motion.

ring on the high seas beyond a marine league from the shore of any state, the decedent's personal representative may bring a suit for damages against the party which would have been liable had death not ensued. But § 763 requires that such suit shall be instituted within two years from the date of such wrongful act.

Obviously, mover is time-barred from instituting an entirely new action under § 761 at this late date, even though the statute has been interpreted to mean two years from date of death. Hassan v. A. M. Landry & Son, Inc., supra. Therefore, her only hope is to be permitted to amend the original action under § 765.

46 U.S.C. § 765 provides that if a person die as the result of a wrongful act, neglect or default on the high seas *during the pendency of a suit for personal injuries* in a court of admiralty, the decedent's personal representative may be substituted as a party and the suit may proceed as a suit under the Death on the High Seas Act for recovery.

No time limitation is provided by the Act for the substitution of parties where a suit for personal injuries was pending.

Defendant, on the other hand, contends that the pending suit was not one for personal injuries, but was merely a suit for hull damage, and, therefore, 46 U.S.C. § 765 cannot apply. Defendant admits that the requirements of notice pleading are very liberal, but contends that such liberality cannot be extended to permit an amendment which would include personal injury in a complaint which does not even suggest the possibility of such injury; and that to allow the amendment would greatly prejudice defendant in attempting to defend a death action at this late date.

It is necessary to consider the general rules of notice pleading in deciding whether or not the original complaint included an action for personal injuries.

None of the cases cited in memorandum, in support of the contention that the allegations in Article V of the com-

plaint "* * * libellant has sustained damages directly attributable to the collision and foundering of the MISS ELLEN * * *" is sufficient, even under the liberal rules of notice pleading, to constitute a claim for personal injuries, is dispositive of the issue here.

Pleadings should be liberally construed, Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); and if the complaint be ambiguous or unclear, it should be construed in a manner most favorable to the pleader. DeWitt v. Pail, 366 F.2d 682 (9th Cir. 1966); Metropolitan Life Insurance Co. v. Fugate, 313 F.2d 788 (5th Cir. 1963). We are aware, as noted in Virgin Islands Corp. v. W. A. Taylor & Co., 202 F.2d 61 (2nd Cir. 1953), that to dismiss a complaint on the bare pleadings is a most undesirable way for a defendant to win a victory.

In Kelcey v. Tankers Co., Inc., 217 F. 2d 541 (2nd Cir. 1954), plaintiff was allowed to amend his complaint to state the correct ship and correct date of accident on trial even after the statute of limitations had run. But in that case plaintiff suffered from amnesia as the result of an assault, and the amendment did not prejudice the defendant, as the true facts were known to it all along.

See also Gabaree v. Jay Ship Maintenance Corp., 166 F.Supp. 625 (D.C.Pa. 1958), where plaintiff was allowed to amend her original negligence complaint to include an action for unseaworthiness, five years after the original complaint had been filed and after the statute of limitations had run. But there defendant had been sufficiently apprised of the action against it in the original complaint and, therefore, was not prejudiced by the amendment.

In *Kelcey* and *Gabaree*, the defendant knew the nature of the cause of action asserted and, therefore, had the opportunity to investigate and prepare a defense. In the instant case defendant had every reason to believe it was merely defending a claim for hull damage, and as a result limited its investigation to the events leading up to the collision

only. Higginbotham's deposition was not attempted because there was nothing to indicate he was even on the vessel at the time of the collision. No medical discovery was attempted because there was no allegation of personal injury; moreover, the complaint distinctly stated that, "[f]ortunately another vessel arrived on the scene and rescued the crew."

 Notice pleading means, first of all, that plaintiff must give fair notice of what his claim is. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Bell v. Hosse, 31 F.R.D. 181 (D.C.Tenn.1962). The pleadings must fairly apprise the defendant of the precise nature of the claim, Edelman, Maritime Injury and Death, Vol. 1, p. 686; and the allegations of the complaint must be sufficiently clear and detailed, and must disclose adequate information to at least set forth the essentials. Hoshman v. Esso Standard Oil Co., 263 F.2d 499 (5th Cir. 1959); Thomas v. Penn Supply and Metal Corp., 35 F.R.D. 17 (D.C.Pa.1964); Shakespeare v. Wilson, 40 F.R.D. 500 (D.C.Cal.1966); Monument Bowl, Inc. v. Northern California Bowling Proprietors' Ass'n, 197 F.Supp. 208 (D.C.Cal.1961), rev. other grnds., 316 F.2d 787 (9th Cir.).

> "The traditional elements of a claim for negligence are defendant's duty to plaintiff, the breach thereof, and the injury which results from such duty to the plaintiff, together with the resulting damage. These elements are as essential under modern pleading as they ever were, and a complaint should show that each of the elements was present in order to be sufficient."

1 A Barron & Holtzoff, § 270, p. 119.

Finally, as the Fifth Circuit has stated in Case v. State Farm Mutual Auto Ins. Co., 294 F.2d 676 (5th Cir. 1961), "[I]t is [not] the duty of the trial court * * * to create a claim which appellant had not spelled out in his pleading." In that case pleadings spelled out a claim for damages for wrongful termination of contract, and on appeal complainant attempted to charge that de-

fendants had wrongfully interfered with the running of his business.

The final contention is that defendant was not prejudiced by the complaint because of the letter sent by counsel for plaintiff to defendant, dated November 14, 1967, advising of Mr. Higginbotham's personal injury and death. However, under the particular facts of this case, especially the language of the complaint—giving no hint of personal injuries, giving no indication that Higginbotham was even aboard the vessel, alleging that fortunately the crew was rescued and alleging the action was brought by Higginbotham "as owner" of the damaged vessel, but not as one who had been injured—the letter to defendant, 1½ years after the death, came, certainly, too late for the defendant to investigate properly the claimed injury and the connection, if any, of decedent's death therewith.

We believe the complaint to be nothing more than the classic complaint for recovery of collision property damage. Accordingly, the Motion to Amend is hereby denied.